UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re ) | Case No. **12-62746-fra13** |
| ) | |
| **Christian D. DeWolfe** ) | [ONLY FOR CHAPTER 13 CASES] |
| ) | DEBTOR'S ATTORNEY'S DISCLOSURE |
| ) | OF COMPENSATION AND ANY |
| ) | EMPLOYMENT AGREEMENT, AND |
| Debtor(s) ) | APPLICATION FOR COMPENSATION, |
| ) | UNDER 11 USC §329 AND FRBP 2016(b) |

Debtor's attorney discloses compensation paid or to be paid in the above referenced case. Debtor and debtor's attorney have agreed to attorney compensation (i.e., both fees and costs), and ☑ HAVE ☐ HAVE NOT (MARK one) entered into an employment agreement. A copy of the employment agreement, if any, is attached hereto.

The applicable schedule for the fee agreement between debtor and debtor's attorney is marked below [MARK ONE SCHEDULE]. If Schedule 1 or Schedule 2 is marked, debtor(s), acting by and through the undersigned counsel, apply to the court for an order authorizing the compensation specified therein.

A total of $**0.00** has been paid to me within one year of filing by **X** debtor _____ other (specify) _____, and the balance of compensation will be paid through the plan as funds are available.

☐ **SCHEDULE 1:** The total compensation request is $_____ ($4,500 maximum). This amount represents all compensation for the ENTIRE LIFE OF THE CASE except for appeals or any adversary proceeding.

☑ **SCHEDULE 2:** Debtor and debtor's attorney have agreed, regarding all services rendered THROUGH CONFIRMATION OF THE PLAN PLUS THE INITIAL AUDIT OF CLAIMS, upon either (MARK one):

　　☐ (a) a flat fee (i.e., requiring no itemization) of $_____ ($3,250 maximum); or

　　☑ (b) an estimated total fee of $**$ 3,250.00**. Time records must be kept for all work performed both "pre" and "post" petition. Such records may be requested by the court at any time, and must show the time and rate applied to each service rendered. If the estimated fee is $3,250 or greater, an itemized statement showing the time and hourly rate applied to each service rendered must be filed with the court not less than one week prior to the final confirmation hearing.

Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:

☑ **SCHEDULE 3:** [COMPLETE ONLY IF FEE ARRANGEMENT HAS NOT BEEN PREVIOUSLY DISCLOSED - e.g., new or substitute counsel] Debtor and debtor's attorney have agreed to the fee arrangements specified in the attached agreement or, if there is no written agreement, as follows:

[If the services specified in a previously submitted Schedule 1 or Schedule 2 (through confirmation and the initial audit of claims) were not completed] The debtor, the debtor's former attorney, and the debtor's current attorney have agreed to the following with respect to the former attorney's fees and will apply for any necessary court order for approval:

**IMPORTANT:**

1. No additional compensation requests will be granted if SCHEDULE 1 is selected, or after a final application is filed if SCHEDULE 2 or SCHEDULE 3 is selected.

2. Supplemental applications for compensation: (a) may only be filed if SCHEDULE 2 or SCHEDULE 3 is selected; (b) will not be considered unless the application is clearly marked as a final compensation application, or unless the supplemental compensation requested is more than $500 AND at least 6 months have expired since the filing of the case or since the filing of any earlier application; AND (c) must be filed using LBF #1307, including an itemization of all services previously performed for which no previous itemization and application has been filed.

1305 (4/15/09)

I certify there is no agreement to share compensation with any other person, except with a regular member, partner, or associate of my attorney firm, except as follows (provide details):
**None**

I further certify that on  **8/2/2012**             a copy of this document was served on the debtor(s), trustee, and U.S. Trustee.

DATED:   **8/2/2012**                                    **/s/Judson M. Carusone**
                                                          **Judson M. Carusone**
                                                                            Debtor's Attorney

1305 (4/15/09)

# BANKRUPTCY ATTORNEY-CLIENT FEE AGREEMENT
## (Chapter 13 Petition)

| | | |
|---|---|---|
| CLIENT: | | Christine D. DeWolfe |
| ATTORNEY: | | Judson M. Carusone<br>BROMLEY NEWTON LLP |
| FEE: | $0.00 | Up-front fee for basic services rendered through the date of confirmation of the Plan and audit of the claims registry. |
| HOURLY | $185.00 | For life of the plan including extraordinary services. |
| COSTS: | $30.00 | for Court Filing Fee. |
| TOTAL: | $3,250.00 | Estimated Fee (only if extraordinary services not needed). |
| EFFECTIVE DATE: | | June 21, 2012 |

All fees actually paid are earned and **nonrefundable** at date of filing the Petition.

*Scope of Representation*. Client retains Attorney to perform the "Basic Services," defined below and, as necessary, to perform "Extraordinary Services," defined below for Legal Services related to a Chapter 13 Bankruptcy.

"*Basic Services*" are services necessary to prepare and file Client's petition for relief under Chapter 13 of the Bankruptcy Code; legal advice respecting the bankruptcy filing; preparation of schedules and initial plan; appearance with Client at §341(a) hearing; appearance with Client at uncontested confirmation hearing; preparation of confirmation and wage order; filing of precautionary claim on behalf of debtor for secured, priority, and nondischargeable claims; and audit of the claims registry.

"*Extraordinary Services*" are for (1) any services rendered postconfirmation, except for filing of precautionary claims which are included as a basic service above; and (2) those services required to deal with less routine matters, including but not limited to contested matters or adversary proceedings in the Bankruptcy Court, such as:

    (a)    Objections to confirmation;

    (b)    Amendments to schedules;

    (c)    Amended Plan filed preconfirmation;

    (d)    Amended Plan filed postconfirmation;

    (e)    Motions to suspend payments and preparation of order suspending payments;

(f) Motions to avoid liens and interest;

(g) Extraordinary litigation (including conferences or negotiations with litigants or their attorneys) in the Bankruptcy Court such as:

(1) Motions for relief from stay;

(2) Lawsuits (complaints) to challenge discharge or dischargeability of specific debts;

Please note that you may not have the option to go without an attorney for the extraordinary matters, even if you so desire, unless the Bankruptcy Judge permits resignation of the attorney. The Bankruptcy Court has ruled that unless it permits resignation of the attorney, the attorney is required to continue representation and be reasonably compensated for services rendered and costs incurred.

*Fees for Basic Services*. Client agrees to pay the "Basic Fee," shown above, for the "Basic Services." Payment is due as follows:

$0.00     Before preparing schedules and filing case, which includes filing fee of $281.

$3,250.00     Through the Plan.

$3,250.00     TOTAL through confirmation and audit of claims.

If client elects not to file for bankruptcy, Attorney must be paid in full within 30 days of dismissal unless other arrangements are made with Attorney.

*Fees for "Extraordinary Services."* Client agrees to pay for "Extraordinary Services" on an hourly basis as follows:

Client agrees to pay the sum of $190 to $200 per hour for all services rendered by Partners, and $185 per hour for all services rendered by Associates.

*Reimbursement of Attorney's Costs*. Client agrees to pay all of Attorney's costs incurred in representing Client. Examples of such costs include filing fees, court reporter fees, long-distance telephone, postage, photocopies (whether made in Attorney's office or an outside printing service), and facsimiles.

*Monthly Statements and Payment of Attorney Costs*. Client will be provided with itemized monthly statements, which will be mailed on approximately the 25th of each calendar month. Fees and costs must be paid as set forth in the Agreement

Once the case is filed, the monthly statements are sent for Client's information.

As the Trustee pays your fees from plan funds after confirmation, if services are needed and fees and costs are incurred, a fee application will be submitted to the Court with copies to Client giving 20 days to object to the fees and costs. Thereafter, if the fees and costs are approved by the Court, the Chapter 13

trustee will pay them out of funds paid into the Plan.  In the event the fees and costs cannot be paid out of the Plan because the Plan is dismissed or there are inadequate funds in the trustee's trust account at the end of the case to pay them, Client remains ultimately liable for the fees and costs and must pay them within 30 days of entry of discharge or dismissal of the case, unless other arrangements are made.  Any funds in the possession of the Trustee shall be used to satisfy the balance of attorney fees owing and this agreement operates as an assignment for direct payment to attorney.

*Client's Duty to Cooperate*.  Client agrees to cooperate with Attorney, to complete all forms requested by Attorney, and to provide Attorney with all information necessary to enable Attorney to represent Client's best interests.  If Client unreasonably declines to cooperate, or knowingly provides Attorney with false or fraudulent information, or testifies untruthfully in any matter before the Court, Client agrees that Attorney has the right to immediately resign.

*Breach of Agreement-Attorney Fees for Prevailing Party*.  If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable attorney fees before trial, at trial, or after appeal, as determined by the Court, will be borne by the losing party.

*Representation Limited to Bankruptcy Court*.  Attorney does not agree to represent Client in any action except in the Bankruptcy Court, unless otherwise acknowledged in writing signed by Attorney.

**ATTORNEY DOES NOT UNDERTAKE TO GIVE CLIENT TAX ADVICE.  CLIENT AGREES TO CONSULT AN ACCOUNTANT OR COMPETENT TAX COUNSEL WITH RESPECT TO ALL TAX ISSUES. ATTORNEY DOES NOT UNDERTAKE TO NEGOTIATE A MORTGAGE MODIFICATION. CLIENT AGREES TO CONSULT A HUD-APPROVED HOUSING COUNSELOR.**

*Federal law requires Bromley Newton LLP to advise you that:*

*A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury in connection with a bankruptcy case is subject to fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the U.S. Attorney General, Department of Justice.*

ATTORNEY:                         CLIENT:

BROMLEY NEWTON LLP

                                           /s/ Christian D. DeWolfe
/s/Judson M. Carusone              Christian D. DeWolfe
Judson M. Carusone